UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN CLAYTON HARVEY,<br><br>                    Plaintiff,<br>vs.<br><br>LALITH KUMAR GANDE,<br><br>                    Defendant. | Case No.: 2:24-cv-00961-GMN-DJA<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pending before the Court is a Motion to Dismiss, (ECF No. 18), filed by Defendant Lalith Kumar Gande.  Plaintiff John Clayton Harvey filed a Response, (ECF No. 20), to which the Defendant filed a Reply, (ECF No. 21).

Because the Court finds that the District of Nevada is an improper venue for this case, the Court **GRANTS** the Motion to Dismiss and dismisses Plaintiff's claim without prejudice.

I.         **BACKGROUND**

This case arises out of Defendant Dr. Gande's alleged forced injection of mind-altering drugs into Plaintiff. (First Amended Compl. ("FAC") at 4, ECF No. 11).  Plaintiff alleges that he did so because Defendant learned that Plaintiff had served his employer Banner Health and non-party Dr. Vij with lawsuits, and Defendant received "notice from Arizona Legal Advocate to stop all injections and drugs upon Plaintiff." (*Id.*).  Plaintiff alleges that the drugs rendered him "helpless to defend himself" and pursue legal action. (*Id.*).  His FAC does not state the claim is he alleging, but the Court construes the Complaint as alleging a tort claim.  Defendant filed the instant Motion to Dismiss for improper venue, failure to provide a medical expert affidavit, and failure to state a claim. (*See generally* Mot. Dismiss, ECF No. 18).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to file a motion to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3). Plaintiff bears the burden of establishing proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). If a case is filed in the wrong division or district, the court must dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Dismissal for improper venue must be without prejudice. *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991). When considering a motion to dismiss for improper venue, a court is not required to accept the pleadings as true and may consider facts outside the pleadings. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

## III. DISCUSSION

In his Motion to Dismiss, Defendant argues that Plaintiff improperly filed his Complaint in the U.S. District of Nevada because the events alleged take place in Arizona and Defendant resides in Arizona. (Mot. Dismiss 2:17–19). The Court agrees.

"Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)." *Id.* at 56. "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)" to any district in which it could have been brought. *Id.* The three categories for venue set out in § 1391(b) are:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Beginning with the first category for venue, Plaintiff alleges that Defendant resides in Arizona. (FAC at 2–3). So, that category does not apply. As to the second category, where a substantial part of the events giving rise to the claim occurred, Defendant claims that the events took place in Arizona, because Banner Health and the Arizona Legal Advocate are specifically based in Arizona and not Nevada. (Mot. Dismiss 3:6–9). He further argues that he only practices in Arizona and has not injected drugs in any other state. (*Id.* 3:7–10).

Plaintiff's Response and attached exhibits provide support for Defendant's position that the events giving rise to this claim occurred in Arizona. Plaintiff responded that the Arizona Superior Court ordered Defendant to stop drugging him, and that Defendant knew about the Arizona lawsuits. (Resp. at 1, ECF No. 20). He claims that Defendant is in another state than he is, and "he seeks justice in the US District Court where this matter should be." (*Id.* at 2). He also attaches Exhibit 1, his medical records from Banner Health, located in Mesa, Arizona. (Banner Health Medical Records, Ex. 1 to Resp.). The medical records highlight an order dictating that Plaintiff be restrained, and Defendant is listed as Plaintiff's attending physician. (*Id.*). Exhibit 2 is a letter from the Maricopa County Office of the Public Advocate, also located in Arizona. (Letter, Ex. 2 to Resp.). Further, Exhibits 4 and 5 are Docket Reports of Plaintiff's cases against Banner Health and non-party Dr. Vij, brought in the U.S. District Court for the District of Arizona. (Reports, Exs. 4, 5 to Resp.).

Plaintiff has therefore not met his burden of establishing that Nevada is the proper venue in which to bring his claim against Defendant. Based on Plaintiff's attached exhibits, his tort claim is based on a forced injection that occurred at Banner Health in Mesa, Arizona. Plaintiff's claim is more properly brought in Arizona, and thus it does not fall within one of the

three categories set out in section 1391(b). This case must therefore be transferred or dismissed without prejudice. Because Plaintiff does not request transfer, and alleges that he resides in Nevada, the Court DISMISSES this case without prejudice to allow him to re-file his Complaint in Arizona if he wishes.

## V. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss, (ECF No. 18), is **GRANTED** for improper venue. This case is dismissed without prejudice.

The Clerk of Court is kindly requested to close this case.

**DATED** this __17__ day of January, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT